**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **ALFRED FRANCIOS** | * | **CIVIL ACTION** |
| | * | **NUMBER** |
| **VERSUS** | * | **SECTION** |
| | * | **MAGISTRATE-JUDGE** |
| **DIAMOND OFFSHORE COMPANY, DIAMOND OFFSHORE DRILLING INC., DIAMOND OFFSHORE MANAGEMENT COMPANY, DIAMOND OFFSHORE MARINE, INC., DIAMOND OFFSHORE SERVICES COMPANY, AND DIAMOND OFFSHORE (USA) INC.** | * * * * | |

**COMPLAINT WITHIN ADMIRALTY AND MARITIME JURISDICTION, PURSUANT TO THE PROVISIONS OF THE JONES ACT, 46 U.S.C.A. 688, AND THE GENERAL MARITIME LAW**

The petition of Alfred Francois,a resident and citizen of the full age of majority and domiciled in the State of Louisiana (hereafter, the “petitioner”), with respect represents that:

1.

This is an action within admiralty and maritime jurisdiction, pursuant to an Act of Congress, known as the Merchant Marine Act, approved by Congress June 5, 1920, Section 33, commonly referred to as the Jones Act, (46 U.S.C.A. 688) and pursuant to the General Maritime Law of the United States of America, as hereinafter more fully appears.

2.

Made defendants herein are Diamond Offshore Company, Diamond Offshore Drilling, Inc., Diamond Offshore Management Company, Diamond Offshore Marine, Inc., Diamond Offshore Services Company, and Diamond Offshore (USA) Inc.

3.

At all material times herein, Diamond Offshore Company, Diamond Offshore Drilling, Inc., Diamond Offshore Management Company, Diamond Offshore Marine, Inc., Diamond Offshore Services Company, and Diamond Offshore (USA) Inc. (hereinafter collectively referred to as "Diamond Offshore") were the owners and operators of the "M/V Ocean Tower" (hereinafter sometimes referred to as "the vessel"), a jack-up vessel operating out of the Port of Fourchon, in the State of Louisiana.

4.

At all relevant times, the petitioner was employed by the defendant as crane operator, seaman, and member of the crew of the vessel M/V Ocean Tower, a jack-up vessel.

5.

On or about April 10, 2009, while aboard the vessel and while acting within the course and scope of his employment and while in the service of his employer and while

in the furtherance of the mission of the vessel, the petitioner received severe and disabling injuries to his knee, ribs, and back as he fell through a missing grating, striking the leg of the jack-up and falling into the Gulf of Mexico.

6.

As a result of the accident and attendant injuries, petitioner has suffered damages in such amounts as may be set by this Honorable Court, together with legal interest thereon from date of judicial demand until paid, and for all costs of these proceedings.

7.

Said damages include but are not limited to:

(a) Physical and mental pain and suffering, past, present and future;

(b) Loss of wage earning capacity;

(c) Lost wages, past, present and future;

(d) Loss of enjoyment of life; and,

(e) Disfigurement.

8.

The sole, proximate, and legal cause of the above described accident was the negligence of the defendant, its servants, agents, and employees, either individually or concurrently, in the following non-exclusive particulars:

(a) Breach of a legally imposed duty of reasonable care owed by the defendants to the complainant;

(b) Failure to provide a reasonably safe place to work;

(c) Failure to provide or institute reasonably safe means to perform the activities being performed by the complainant and others at the time complainant was injured;

(d) Failure to properly train, supervise, and assist employees;

(e) Maintenance of an unseaworthy vessel;

(f) Failure to warn the petitioner, despite knowledge by Diamond personnel, of the missing grating near the leg of the jack-up;

(g) Failure to provide proper equipment for the task at hand;

(h) Failure to provide proper safeguards and safety equipment for personnel working above the main deck;

(i) Failure to warn the plaintiff of the mission grating;

(j) Failure to have proper safety precautions, that is JSAs and safety meetings warning the plaintiff of the missing grating;

(k) Other acts of negligence which will be proven upon the trial of this cause.

---

9.

Pursuant to the General Maritime Law of the United States of America, the defendant had an absolute and non-delegable duty to provide petitioner with a safe and seaworthy vessel and appurtenances, a seaworthy crew, and a safe place to work.

10.

The vessel was unseaworthy by reason of the facts alleged in the foregoing paragraphs. The petitioner's injuries were directly and proximately caused by the vessel's unseaworthiness. Said missing grating constituted an unseaworthy vessel.

11.

As a direct result of the vessel's unseaworthiness, petitioner has suffered the damages and injuries described above and in such amounts as are just and reasonable in the premises, together with legal interest thereon from date of judicial demand until paid, and for all costs of these proceedings.

12.

Pursuant to the General Maritime Law of the United States of American, the defendant has the absolute and non-delegable duty to provide petitioner with maintenance and cure benefits from the date that he was rendered unfit for duty until maximum cure is achieved.

13.

As a result of the accident, the petitioner was rendered unfit for duty on or about April 10, 2009, and presently remains unfit and incapable of returning to work as a seaman.

14.

The defendant is indebted to the petitioner for past and future maintenance and cure benefits in the amount mandated by law from April 10, 2009 until maximum cure is achieved, and for all costs of cure incurred by petitioner from April 10, 2009 until maximum cure is achieved.

15.

The General Maritime Law of the United States protects the seaman from certain acts of the defendant, which are egregious in nature, by awarding exemplary damages.

16.

The defendants, Diamond Offshore Company, Diamond Offshore Drilling, Inc., Diamond Offshore Management Company, Diamond Offshore Marine, Inc., Diamond Offshore Services Company, and Diamond Offshore (USA) Inc. , caused damage to the plaintiff by the following wanton, willful, egregious and/or outrageous conduct in the following, non-exclusive particulars:

a) In not providing a fixed barrier to protect the plaintiff from stepping through the missing grating, contrary to the defendants safety policies and procedures, that is the GEMS;

b) Failure to provide a JSA for the task at hand, that is the petitioner preparing the electrical box for the jack-up of the leg of the M/V Ocean Tower while knowing that grating was missing in the area where petitioner would be working which was in direct contravention of defendants policies and procedures known as GEMS;

c) Failure to have properly attended and documented safety meeting advising all on board the rig of the dangers of the missing grating in contravention of defendants policies and procedures known as GEMS;

**WHEREFORE PETITIONER PRAYS** that after due proceedings had;

(a) There be judgment herein in favor of the petitioner, Alfred Francois and against the defendants, Diamond Offshore Company, Diamond Offshore Drilling, Inc., Diamond Offshore Management Company, Diamond Offshore Marine, Inc., Diamond

Offshore Services Company, and Diamond Offshore (USA) Inc. , for damages in an amount to be set by this Honorable Court, together with legal interest thereon from date of judicial demand until paid, and for all costs of these proceedings, for the negligence, and/or unseaworthiness of its vessel which directly caused petitioner's injuries;

(b) There be judgment herein favor of said petitioner and against said defendant in the amount mandated by law per day for maintenance and cure from April 10, 2009, and for all expenses of cure incurred by complainant until maximum cure is achieved; and,

(c) Judgment for exemplary damages arising out of the willful, wanton and outrageous conduct of the defendant and their almost-complete disregard for the safety and well-being of the plaintiff; and,

(d) For all general and equitable relief.

**By Attorneys,**

**S/AUB A. WARD**
**AUB A. WARD**
**Naquin & Ward**
**8034 Jefferson Hwy.**
**Baton Rouge, Louisiana 70809**
**Telephone (225) 927-1907**
**Bar Roll Number 13228**
**award@nwlaw.net**

**S/CHARLES A. RIDDLE, III**
**CHARLES A. RIDDLE, III**
**Attorney at Law**
**208 E. Mark St.**
**Marksville, Louisiana 71351**
**Telephone: (318) 253-4551**
**Bar Roll Number 10974**
**criddle777@aol.com**

**PLEASE SERVE:**

**DIAMOND OFFSHORE COMPANY, DIAMOND OFFSHORE DRILLING INC., DIAMOND OFFSHORE MANAGEMENT COMPANY, DIAMOND OFFSHORE MARINE, INC., DIAMOND OFFSHORE SERVICES COMPANY, AND DIAMOND OFFSHORE (USA) INC.**
through agent for service of process:
CT Corporation Systems
5615 Corporate Blvd., Suite 400B
Baton Rouge, Louisiana 70808