UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ALFRED FRANCOIS,**   **Plaintiff** | **CIVIL ACTION** |
| **VERSUS** | **No. 11-2956** |
| **DIAMOND OFFSHORE COMPANY, et al.,**   **Defendants** | **SECTION "E"** |

ORDER AND REASONS

Before the Court is the motion *in limine* filed by Defendants, Diamond Offshore Company, Diamond Offshore Drilling, Inc., Diamond Offshore Management Company, and Diamond Offshore Services Company (together, "Diamond").[1] Plaintiff, Alfred Francois ("Plaintiff"), opposes Diamond's motion.[2] For the following reasons, Diamond's motion is **GRANTED IN PART** and the Court **DEFERS RULING IN PART**.

Plaintiff, a crane operator and deck supervisor on the M/V OCEAN TOWER (the "vessel"), was working aboard the vessel on April 10, 2009, when he fell through a missing section of walkway grating. As a result of the fall, he suffered injuries to his knee, ribs, and back. According to Plaintiff, the missing grating had been dislodged by rough sea conditions while the vessel was being towed the previous day, April 9, 2009. Though members of the vessel's crew allegedly were aware that the section of grating was missing, Plaintiff avers that portion of the walkway had not been barricaded off or replaced. Diamond owns and operates the vessel.

---

[1] R. Doc. 41.

[2] R. Doc. 47.

1

The parties dispute whether Diamond did or did not conduct a safety meeting on April 10, 2009.[3] Diamond maintains that, to ensure all workers were aware of the hazard posed by the missing grating, such hazard was discussed at a April 10, 2009 safety meeting. At this meeting, Diamond claims it stressed to crewmembers that the area where Plaintiff was injured was to be avoided by personnel. Further, Diamond claims it required all personnel to use a "buddy system" when working in any areas of the rig where there was a possibility of falling overboard. According to Diamond, all rig personnel knew or should have known that the "buddy system" would have to be utilized where the grating had become dislodged and was missing.[4]

Plaintiff responds that he was never informed of the missing grating. Plaintiff also contends that no safety meeting took place on April 10, 2009, and that Diamond has "manufactured" the Safety Meeting Report memorializing the meeting and the topics discussed at the meeting. According to Plaintiff, his signature on the Safety Meeting Report is a forgery.[5]

Diamond's motion *in limine* seeks to exclude testimony and evidence regarding two subjects. First, Diamond seeks to exclude any testimony or evidence that Diamond has a reputation for, or routine practice of, falsifying documents.[6] Plaintiff responds that he "will not submit testimony of other instances of prior forgery attempts by Diamond. That issue

---

[3] R. Doc. 40 at p. 11.

[4] R. Doc. 40 at p. 7.

[5] R. Doc. 40 at p. 5.

[6] R. Doc. 41-1 at pp. 2-3.

is moot."[7]  As a result, with respect to Defendant's request for the Court to preclude testimony or evidence that Diamond has a reputation for, or routine practice of, falsifying documents, the motion is **GRANTED.**

Second, Diamond also seeks to preclude Plaintiff "from raising in argument the fact that [Diamond has] not called certain witnesses at trial."[8]  Diamond informs the Court that it intends to call three witnesses, all Diamond employees, who allegedly attended the April 10, 2009 safety meeting.  Diamond states that such witnesses will testify that the meeting took place.[9]  Diamond alleges that other crewmembers, all former Diamond employees Diamond has not deposed or subpoenaed to testify at trial, also attended the safety meeting.  Defendant argues that the uncalled-witness rule is an "an anachronism" and that "[i]t would be fundamentally unfair for [P]laintiff to assert that [Diamond] should have called them at trial, or to request an adverse [inference] arising from [Diamond's] failure to do so."[10] Plaintiff responds that "the 'un-called witness rule' is still valid and should be applied in this case."[11]

The uncalled-witness rule provides that " 'if a party has it peculiarly within his power to produce witnesses whose testimony would elucidate the transaction, the fact that he does not do it creates the presumption that the testimony, if produced, would be unfavorable.'" *Herbert v. Wal-Mart Stores, Inc.*, 911 F.2d 1044, 1047 (5th Cir. 1990) (quoting *Graves v.*

---

[7] R. Doc. 47 at p. 3.

[8] R. Doc. 41-1 at p. 4.

[9] R. Doc. 41-1 at p. 4.

[10] R. Doc. 41-1 at p. 4.

[11] R. Doc. 47 at p. 3.

3

*United States*, 150 U.S. 118 (1893)). In *Herbert*, a panel of the U.S. Court of Appeals for the Fifth Circuit concluded that the "rule has no place in federal trials conducted under the Federal Rules of Evidence and the Federal Rules of Civil Procedure." *Herbert*, 911 F.2d at 1047. Nevertheless, the panel also noted that "the rule has so frequently been either applied or referred to in dicta in this circuit since, as well as before, the adoption of the Federal Rules of Evidence, that it might be considered the law of the circuit." Consequently, the panel did not "overrule the cases that rely on the rule, but merely call[ed] its archaism to the attention of the court for possible consideration en banc." *Herbert*, 911 F.2d at 1048-49. The Fifth Circuit has not accepted the panel's invitation for en banc consideration of the uncalled-witness rule.

As another section of this Court has observed, the uncalled-witness rule does not apply where the witness in question is equally available to both parties. *Hardy v. Shell Chem. Co.*, 693 F.Supp.2d 611, 623-24 (E.D. La. 2010) (citing *Herbert*, 911 F.2d at 1048). In this case, the witnesses that Diamond does not intend to call, and for which Plaintiff will seek to have a negative inference drawn from their absence, are former Diamond employees. As these witnesses are *former* Diamond employees, they are equally available to Plaintiff. Plaintiff could have deposed these persons or subpoenaed them for trial, but has not done so. As a result, the Court will not instruct the jury that any negative inference is to be drawn from Diamond's failure to call them at trial. *Hardy*, 693 F.Supp.2d at 624. Thus, with respect to Defendant's request for the Court to preclude Plaintiff from relying on the uncalled-witness rule, the motion is **GRANTED** to the extent that the Court will not instruct the jury to draw an adverse inference. Subject to relevance, Plaintiff may be allowed to introduce testimony and cross-examine witnesses with respect to the identity of

individuals who allegedly attended the safety meeting but who are not called as witnesses. The Court **DEFERS** ruling on this issue until trial.

  **IT IS SO ORDERED.**

  New Orleans, Louisiana, this __26th__ day of February, 2013.

           _____
             **SUSIE MORGAN**
          **UNITED STATES DISTRICT JUDGE**