**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **ALFRED FRANCOIS,**<br>**Plaintiff** | **CIVIL ACTION** |
| **VERSUS** | **No. 11-2956** |
| **DIAMOND OFFSHORE MANAGEMENT COMPANY AND DIAMOND OFFSHORE SERVICES COMPANY,**<br>**Defendants** | **SECTION "E"** |

**POST-TRIAL JURY INSTRUCTIONS**

# GENERAL INSTRUCTIONS FOR CHARGE

You have heard the evidence in this case. I will now instruct you on the law that you must apply. It is your duty to follow the law as I give it to you. On the other hand, you the jury are the judges of the facts. Do not consider any statement that I have made in the course of trial or make in these instructions as an indication that I have any opinion about the facts of this case.

You have heard the closing arguments of the attorneys. Statements and arguments of the attorneys are not evidence and are not instructions on the law. They are intended only to assist the jury in understanding the evidence and the parties' contentions.

Answer each question from the facts as you find them. Do not decide who you think should win and then answer the questions accordingly. Your answers and your verdict must be unanimous.

In determining the weight to give to the testimony of a witness, you should ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact, or whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people may forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was

an intentional falsehood or simply an innocent lapse of memory; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

While you should consider only the evidence in this case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts that have been established by the testimony and evidence in the case.

The testimony of a single witness may be sufficient to prove any fact, even if a greater number of witnesses may have testified to the contrary, if after considering all the other evidence you believe that single witness.

There are two types of evidence that you may consider in properly finding the truth as to the facts in the case. One is direct evidence—such as testimony of an eyewitness. The other is indirect or circumstantial evidence—the proof of a chain of circumstances that indicates the existence or nonexistence of certain other facts. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

When knowledge of technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field—he is called an expert witness—is permitted to state his opinion on those technical matters. However, you are not required to accept that opinion. As with any other witness, it is up to you to decide whether to rely upon it.

In deciding whether to accept or rely upon the opinion of an expert witness, you may consider any bias of the witness, including any bias you may infer from evidence that the expert witness has been or will be paid for reviewing the case and testifying, or from evidence that he testifies regularly as an expert witness and his income from such testimony represents a significant portion of his income.

Any notes that you have taken during this trial are only aids to memory. If your memory should differ from your notes, then you should rely on your memory and not on the notes. The notes are not evidence. A juror who has not taken notes should rely on his or her independent recollection of the evidence and should not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollection or impression of each juror about the testimony.

Do not let bias, prejudice or sympathy play any part in your deliberations. A corporation and all other persons are equal before the law and must be treated as equals in a court of justice.

When you retire to the jury room to deliberate on your verdict, you may take this charge with you as well as exhibits which the Court has admitted into evidence. Select your Foreperson and conduct your deliberations. If you recess during your deliberations, follow all of the instructions that the Court has given you regarding your conduct during the trial. After you have reached your unanimous verdict, your Foreperson is to fill in on the form your answers to the questions. Do not reveal your answers until such time as you are discharged, unless otherwise directed by me.

If you want to communicate with me at any time, please give a written message or question to the bailiff, who will bring it to me. I will then respond as promptly as

possible either in writing or by having you brought into the courtroom so that I can address you orally. I will always first disclose to the attorneys your question and my response before I answer your question.

After you have reached a verdict, you are not required to talk with anyone about the case unless the Court orders otherwise.

## BURDEN OF PROOF

In this case, the plaintiff, Alfred Francois, must prove every essential part of his claim by a preponderance of the evidence.

A preponderance of the evidence simply means evidence that persuades you that Mr. Francois' claims are more likely true than not true.

In deciding whether any fact has been proven by a preponderance of the evidence, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who called them, and all exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part either of Mr. Francois' claims by a preponderance of the evidence, you should find for the defendants, Diamond Offshore Management Company and Diamond Offshore Services Company, as to that claim.

## JONES ACT – UNSEAWORTHINESS

Mr. Francois is asserting two separate claims against Diamond Offshore Management Company and Diamond Offshore Services Company in this case.

Mr. Francois' first claim, under a federal law known as the Jones Act, is that his employer, Diamond Offshore Management Company, was negligent, and that Diamond Offshore Management Company's negligence was a cause of his injuries. Mr. Francois' second claim is that unseaworthiness of a vessel caused his injury.

You must consider each of these claims separately. Mr. Francois is not required to prove both of these claims. He may recover if he proves either one of them. However, he may recover only those damages or benefits that the law provides for the claims that he proves; he may not recover the same damages or benefits more than once.

## JONES ACT NEGLIGENCE

Under the Jones Act, Mr. Francois must prove that his employer, Diamond Offshore Management Company, was negligent. Negligence is the doing of an act that a reasonably prudent person would not do, or the failure to do something that a reasonably prudent person would do, under the same or similar circumstances. The simple fact that an accident occurred, without more, does not mean anyone's negligence caused the accident.

In a Jones Act claim, the word "negligence" is given a liberal interpretation. It includes any breach of duty that an employer owes to its employees who are seamen, including the duty of providing for the safety of the crew.

Under the Jones Act, if Diamond Offshore Management Company's negligent act caused Mr. Francois' injury, in whole or in part, then you must find that Diamond Offshore Management Company, the employer, is liable under the Jones Act.

Negligence under the Jones Act may consist of a failure to comply with the duty required by law. Employers of seamen have a duty to provide their employees with a reasonably safe place to work. If you find that Mr. Francois was injured because Diamond Offshore Management Company failed to furnish him with a reasonably safe place to work, and that Mr. Francois' working conditions could have been made safe through the exercise of reasonable care, then you must find that Diamond Offshore Management Company was negligent. An employer's failure to follow its own safety procedures does not establish a legal duty. However, an employer's failure to abide by

its own safety procedures may be relevant in determining whether the employer acted reasonably.

The fact that Diamond Offshore Management Company conducted its operation in a manner similar to that of other companies is not conclusive as to whether the defendant is negligent or not.

You must determine that the operation in question is reasonably safe under the circumstances. The fact that a certain practice has been continued for a long period of time does not necessarily mean that it is reasonably safe under all circumstances. A long accepted practice may be an unsafe practice. However, a practice is not necessarily unsafe or unreasonable merely because it injures someone.

A seaman's employer is legally responsible for the negligence of one of its employees while that employee is acting within the course and scope of his employment.

If you find from a preponderance of the evidence that Diamond Offshore Management Company assigned Mr. Francois to perform a task that he was not adequately trained to perform, you must find that Diamond Offshore Management Company was negligent.

## UNSEAWORTHINESS

Mr. Francois seeks damages for personal injury that he claims was caused by the unseaworthiness of Diamond Offshore Services Company's vessel, the OCEAN TOWER.

A shipowner owes to every member of the crew employed on its vessel the absolute duty to keep and maintain the ship, and all decks and passageways, appliances, gear, tools, parts and equipment of the vessel in a seaworthy condition at all times.

A seaworthy vessel is one that is reasonably fit for its intended purpose. The duty to provide a seaworthy vessel is absolute because the owner may not delegate that duty to anyone. Liability for an unseaworthy condition does not in any way depend upon negligence or fault or blame. If an owner does not provide a seaworthy vessel – a vessel that is reasonably fit for its intended use – no amount of care or prudence excuses the owner.

The duty to provide a seaworthy vessel includes a duty to supply an adequate and competent crew. A vessel may be unseaworthy even though it has a numerically adequate crew, if too few persons are assigned to a given task.

However, the owner of a vessel is not required to furnish an accident-free ship. He need only furnish a vessel and its appurtenances that are reasonably fit for their intended use and a crew that is reasonably adequate for their assigned tasks.

The shipowner is not required to provide the best appliances and equipment, or the finest of crews, on his vessel. He is only required to provide gear that is reasonably proper and suitable for its intended use, and a crew that is reasonably adequate.

In summary, if you find that the owner of the vessel did not provide an adequate crew of sufficient manpower to perform the tasks required, or if you find that the vessel was in any manner unfit in accordance with the law as I have just explained it to you and that this was a proximate cause of the injury, a term I will explain to you, then you may find that the vessel was unseaworthy and the shipowner liable, without considering any negligence on the part of Diamond Offshore Services Company or any of its employees.

However, if you find that the owner had a capable crew and appliances and gear that were safe and suitable for their intended use, then the vessel was not unseaworthy and Diamond Offshore Services Company is not liable to Mr. Francois on his claim of unseaworthiness.

## MAINTENANCE AND CURE

You have heard testimony in this case concerning maintenance and cure payments that Diamond Offshore Management Company made to Mr. Francois following his accident.

Maintenance and Cure is a seaman's remedy that provides a seaman, who is disabled by injury or illness while in the service of the ship, medical care and treatment, and the means of maintaining himself, while recuperating

A seaman is entitled to maintenance and cure even though he was not injured as a result of any negligence on the part of his employer or any unseaworthy condition of the vessel. To recover maintenance and cure, the plaintiff need only show that he suffered injury or illness while in the service of the vessel on which he was employed as a seaman, without willful misbehavior on his part. The injury or illness need not be work related, it need only occur while the seaman is in the service of the ship. And maintenance and cure may not be reduced because of any negligence on the part of the seaman.

The "cure" to which a seaman may be entitled includes the cost of medical attention, including the services of physicians and nurses as well as the cost of hospitalization, medicines and medical apparatus. However, the employer does not have a duty to provide cure for any period of time during which a seaman is hospitalized at the employer's expense.

Maintenance is the cost of food and lodging, and transportation to and from a medical facility. A seaman is not entitled to maintenance for that period of time that he

is an inpatient in any hospital, because the cure provided by the employer through hospitalization includes the food and lodging of the seaman.

A seaman is entitled to receive maintenance and cure from the date he leaves the vessel until he reaches the point of what is called "maximum cure." Maximum cure is the point at which no further improvement in the seaman's medical condition is reasonably expected. Thus, if it appears that a seaman's condition is incurable, or that the treatment will only relieve pain but will not improve a seaman's physical condition, he has reached maximum cure. The obligation to provide maintenance and cure usually ends when qualified medical opinion is to the effect that maximum possible cure has been accomplished.

Mr. Francois reached maximum cure prior to trial. As a result, Diamond Offshore Management Company stopped paying maintenance and cure to Mr. Francois.

Diamond Offshore Management Company's maintenance and cure payments to Mr. Francois are not relevant to any matter you are tasked with deciding in this trial. When determining whether or not Diamond Offshore Management Company was negligent, and whether or not the M/V OCEAN TOWER was unseaworthy, you should not consider the maintenance and cure payments that Mr. Francois received.

## CAUSATION

Not every injury that follows an accident necessarily results from it. The accident must be the cause of the injury.

In determining causation, a different rule applies to the Jones Act claim and to the unseaworthiness claim.

Under the Jones Act, for both Diamond Offshore Management Company's negligence and Mr. Francois' contributory negligence, if any, an injury or damage is considered caused by an act or failure to act if the act or omission brought about or actually caused the injury or damage, in whole or in part.

In an unseaworthiness claim, Mr. Francois must show, not merely that the unseaworthy condition was a cause of the injury, but that such condition was a proximate cause of it. This means that Mr. Francois must show that the condition in question played a substantial part in bringing about or actually causing his injury, and that the injury was either a direct result or a reasonably probable consequence of the condition.

## CONTRIBUTORY NEGLIGENCE IN AN ADMIRALTY CASE

Diamond Offshore Management Company and Diamond Offshore Services Company contend that Mr. Francois was negligent and that Mr. Francois' negligence caused or contributed to causing his injury. This is the defense of contributory negligence. Defendants have the burden of proving that Mr. Francois was contributorily negligent. If Mr. Francois was guilty of contributory negligence that contributed to his injury, he nevertheless may recover. However, the amount of his recovery will be reduced by the extent of his contributory negligence. A seaman is obligated under the Jones Act to act with ordinary prudence under the circumstances. The circumstances of a seaman's employment include not only his reliance on the employer to provide a safe work environment, but also his own experience, training, and education. In other words, under the Jones Act a seaman like Mr. Francois has the duty to exercise that degree of care for his own safety that a reasonable seaman would exercise in like circumstances.

If you find that Diamond Offshore Management Company was negligent or the vessel was unseaworthy and that the negligence was a proximate cause of Mr. Francois' injury, but you also find that the accident was due partly to the contributory negligence of Mr. Francois, then you must determine the percentage that Mr. Francois' negligence contributed to the accident. You will provide this information by filling in the appropriate blanks on the jury verdict form. If you find that Mr. Francois was contributorily negligent, do not make any reduction in the amount of damages, if any,

that you award to the Mr. Francois. If necessary, I will reduce the damages that you award by the percentage of contributory negligence that you assign to Mr. Francois.

## DAMAGES

If you find that Diamond Offshore Management Company and Diamond Offshore Services Company are liable, you must award the amount you find by a preponderance of the evidence as full and just compensation for all of Mr. Francois' damages.

Compensatory damages are not allowed as a punishment against a party. Such damages cannot be based on speculation, for it is only actual damages — what the law calls compensatory damages – that are recoverable. However, compensatory damages are not restricted to actual loss of time or money; they include both the mental and physical aspects of injury, tangible and intangible. They are an attempt to make Mr. Francois whole, or to restore him to the position he would have been in if the accident had not happened. You should consider the following elements of damages, to the extent you find that Mr. Francois has established such damages by a preponderance of the evidence: physical pain and suffering, including physical disability, impairment, and inconvenience, and the effect of Mr. Francois' injuries and inconvenience on the normal pursuits and pleasures of life; mental anguish and feelings of economic insecurity caused by disability; income loss in the past; and impairment of earning capacity or ability in the future, including the impairment in the normal progress in Mr. Francois' earning capacity due to his physical condition.

Some of these damages, such as physical pain and suffering, are intangible things about which no evidence of value is required. In awarding these damages, you are not determining value, but you should award an amount that will fairly compensate Mr. Francois for his injuries.

Any award you make to Mr. Francois is not subject to income tax; neither the state nor the federal government will tax it. Therefore, you should determine the amount that Mr. Francois is entitled to receive without considering the effect of taxes upon it.

## LOSS OF FUTURE EARNING CAPACITY

If you find that Mr. Francois is entitled to an award of damages for loss of future earning capacity, there are two particular factors you must consider. First, you should consider loss after income taxes; that is, you should determine the actual or net income that Mr. Francois has lost or will lose, taking into consideration that any past or future earnings would be subject to income taxes. You must award Mr. Francois only his net earnings after tax. This is so because any award you may make here is not subject to income tax. The federal or state government will not tax any amount which you award on this basis.

Second, an amount to cover a future loss of earnings is more valuable to Mr. Francois if he received the amount today than if he received the same amount in the future. Therefore, if you decide to award Mr. Francois an amount for lost future earnings, you must discount it to present value by considering what return would be realized on a relatively risk free investment.

**MITIGATION OF DAMAGES**

A person who claims damages resulting from the wrongful act of another has a duty under the law to use reasonable diligence to mitigate – to avoid or minimize those damages.

If you find that Diamond Offshore Management Company and Diamond Offshore Services Company are liable and Mr. Francois has suffered damages, Mr. Francois may not recover for any item of damages which he could have avoided through reasonable effort. If you find by a preponderance of the evidence Mr. Francois unreasonably failed to take advantage of an opportunity to lessen his damages, you should deny him recovery for those damages which he would have avoided had he taken advantage of the opportunity.

You are the sole judge of whether Mr. Francois acted reasonably in avoiding or minimizing his damages. An injured plaintiff may not sit idly by when presented with an opportunity to reduce his damages. However, he is not required to exercise unreasonable efforts or incur unreasonable expenses in mitigating the damages. A defendant has the burden of proving the damage which a plaintiff could have mitigated. In deciding whether to reduce Mr. Francois' damages because of his failure to mitigate, you must weigh all the evidence in light of the particular circumstances of the case, using sound discretion in deciding whether Diamond Offshore Management Company and Diamond Offshore Services Company have satisfied their burden of proving that Mr. Francois' conduct was not reasonable.

## Do Not Use Electronic Technology to Conduct Research on or Communicate about the Case

During your deliberations, you must not communicate with or provide any information about this case to anyone by any means. You may not use any electronic device or media, such as a telephone, cell phone, smart phone, iPhone, Blackberry or computer; the internet, any internet service, email, or any text or instant messaging service; or any internet chat room, blog, or website such as Facebook, My Space, LinkedIn, YouTube, or Twitter, to communicate to anyone any information about this case or to conduct any research about this case until after I accept your verdict. In other words, you cannot talk to anyone on the phone, correspond with anyone, or electronically communicate with anyone about this case. You can only discuss the case in the jury room with your fellow jurors during deliberations. I expect you will inform me as soon as you become aware of another juror's violation of these instructions.

You may not use these electronic means to investigate or communicate about the case because it is important that you decide this case based solely on the evidence presented in this courtroom. Information on the internet or available through social media might be wrong, incomplete, or inaccurate. You are only permitted to discuss the case with your fellow jurors during deliberations because they have seen and heard the same evidence you have. In our judicial system, it is important that you are not influenced by anything or anyone outside of this courtroom. Otherwise, your decision may be based on information known only by you and not your fellow jurors or the parties in the case. This would unfairly and adversely impact the judicial process.

You may now retire to the jury room to conduct your deliberations.